UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

ROBIS OSUEL SOLIS-CACERES,       )
                                 )
     Petitioner,              )    Civil Action No. 13-21-HRW
                                 )
V.                               )
                                 )
MICHAEL SEPANEK, Warden,         )    **MEMORANDUM OPINION**
                                 )        **AND ORDER**
     Respondent.              )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Robis Osuel Solis-Caceres is an inmate confined at the Federal Correctional Institution in Ashland, Kentucky.  Proceeding without counsel, Solis-Caceres has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1]

The Court conducts an initial review of habeas corpus petitions.  28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  The Court evaluates Solis-Caceres's petition under a more lenient standard because he is not represented by an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).

At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## I

On November 16, 2006, a Coast Guard patrol vessel approached an unmarked self-propelled semi-submersible ("SBSS") vessel at a point "90 nautical miles southwest of Cabo Blanco, Costa Rica in international waters." After an initial attempt to evade the Coast Guard, the vessel came to a stop. In response to the Coast Guard's hail, Solis-Caceres and three other men emerged from a hatch. Because the vessel bore no markings, registration, or indicia of nationality, it was deemed stateless. The Coast Guard boarded the vessel, and upon inspection, discovered approximately 7000 pounds, or 2.9 tons, of cocaine. *United States v. Solis-Caceres*, No. 8:06-CR-481-T-27-TGW (M.D. Fla. 2006). [D. E. No. 1 therein, p. 3]

On November 23, 2007, pursuant to a written plea agreement, Solis-Caceres pled guilty to conspiracy to possess with intent to distribute more than 5 kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States in violation of the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. §§70503(a), 70506(a), (b). In exchange for his plea, the government agreed to dismiss the second count for possession of a like amount of cocaine; to recommend

2

a three-level reduction for acceptance of responsibility; and to recommend a sentence at the low end of the applicable guideline range.  On February 19 ,2008, the trial court sentenced him to a 210-month term of imprisonment.  [D. E. No. 117, 139 therein]

In his petition, Solis-Caceres contends that the MDLEA is invalid under *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), because "Congress's constitutional authority to define 'Offenses against the Law of Nations' does not give lawmakers the power to make it a crime to commit a drug offense in another country's territorial waters." [D. E. No. 1, p. 9]  Solis-Caceres alleges that at the time of his apprehension he "was in the waters of Costa Rico." [D. E. No. 1, p. 3]

## II

The Court must deny Solis-Caceres's petition on three independent grounds.

First, the legal basis for relief from his sentence asserted by Solis-Caceres may not be pursued in a habeas corpus petition filed pursuant to 28 U.S.C. § 2241.  To challenge the legality of a federal conviction or sentence, a prisoner must file a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him.  *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).  The prisoner may not use a habeas corpus petition pursuant to 28 U.S.C. § 2241 for this purpose, as it does not constitute an additional or alternative remedy to the one available under § 2255.  *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir.

2001).

Under highly exceptional circumstances, the "savings clause" found in 28 U.S.C. § 2255(e) will permit a prisoner to challenge the validity of his conviction in a habeas corpus proceeding under § 2241, but only where the remedy afforded by § 2255(a) "is inadequate or ineffective" to test the legality of his detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). This standard is not satisfied merely because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (§ 2241 available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ...").

Instead, the prisoner must be asserting a claim of "actual innocence." Such a claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *United States v. Prevatte*, 300 F.3d 792, 800-801 (7th Cir. 2002).

4

The claim asserted by Solis-Caceres does not fall within this narrow ground for relief in two regards. First, his claim is predicated upon a decision of the Eleventh Circuit Court of Appeals, not the United States Supreme Court. However, "[t]o date, the savings clause of § 2255 has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under § 2255." *Mallard v. United States*, 82 F. App'x 151, 153 (6th Cir. 2003) (*citing Martin v. Perez*, 319 F.3d 799, 804-05 (6th Cir. 2003)).

In addition, the Eleventh Circuit's decision in *Bellaizac-Hurtado* does not, as Solis-Caceres contends, more narrowly construe the terms of the statute under which he was convicted such that his conduct no longer violates the terms of the statute. Rather, the Eleventh Circuit held the Congress' authority under the Constitution[1] did not extend to criminalize conduct occurring within the territorial waters of other countries. Because Bellaizac-Hurtado was caught transporting drugs in Panamanian waters - rather than on the "high Seas" - Congress could only make his conduct punishable if it constituted an "Offence[] against the Law of Nations." Because the Eleventh Circuit determined that drug trafficking did not constitute such an offense under customary international law, it concluded that MDLEA could not criminalize

---

[1] The MDLEA was enacted pursuant to the Constitution's grant of authority to Congress "[t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." U.S. Const., Art. I, § 8, cl. 10.

5

such conduct, and thus the trial court lacked jurisdiction to convict the defendant. *Bellaizac-Hurtado*, 700 F.3d at 1248-49, 1253-58. Such challenges to the jurisdiction of the criminal trial court fall squarely within the types of claims which must be pursued pursuant to 28 U.S.C. § 2255(a).

Second, Solis-Caceres may not pursue his claim because he expressly waived his right to challenge his conviction and sentence by collateral attack. In his plea agreement, Solis-Caceres expressly "agree[d] that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal the defendant's sentence or to challenge it collaterally, including but not limited to the filing of a 28 U.S.C. § 2255 petition, on any ground, ..." [R. 117 therein, p. 12] Such a waiver is enforceable unless the defendant specifically establishes that the waiver itself was involuntary or the product of ineffective assistance of counsel. *In re Acosta*, 480 F.3d 421, 422-23 (6th Cir. 2007). The waiver precludes a defendant from collaterally attacking his sentence through Section 2255, *Short v. United States*, 471 F.3d 686, 697-98 (6th Cir.2006), or through habeas proceedings under Section 2241. *Gonzalez v. Warden of MCC New York*, No. 12 Civ. 6910, 2013 WL 144956, at *4-6 (S.D.N.Y. Jan. 14, 2013); *Dishman v. Shartle*, No. 09-CV-321-KKC, 2010 WL 3825463, at *2 (E.D. Ky. Sept. 23, 2010) (*citing Murrah v. Rivera*, No. 08–3712, 2009 WL 252095, at *3 (D.S.C. February 2, 2009)). Because

Solis-Caceres chose to execute a plea agreement and waive any collateral attacks in exchange for a favorable resolution of his charges, that agreement is binding upon him, and he may not pursue his claims in this proceeding.

Finally, even were the Court to reach the merits of his claims, Solis-Caceres would not be entitled to relief.  The holding of *Bellaizac-Hurtado* is limited to circumstances where the defendant is charged with committing a drug offense in the territorial waters of another sovereign nation, and thus must fall under the Offense Clause. *Bellaizac-Hurtado*, 700 F.3d at 1248-49.  In an effort to fit within the scope of this holding, Solis-Caceres alleges that he was apprehended "in the waters of Costa Rico." [D. E. No. 1, p. 3]

Solis-Caceres's allegation is clearly false, and he is estopped from asserting otherwise.  In his plea agreement, Solis-Caceres stated that:

> The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those facts and others beyond a reasonable doubt:

> On November 16, 2006, the United States Coast Guard Cutter Steadfast interdicted a self-propelled semi-submersible (SPSS) vessel ***in international waters approximately 95 nautical miles Southwest of Costa Rica*** in the Pacific Ocean. ... Ultimately, the SPSS stopped and four crewman came topside.  The four crewmen, defendants ... ROBIS OSUEL SOLIS-CACERES, ... all claimed they were from Colombia but did not know anything about the vessel or its destination ..."

[R. 117 therein, pp. 14-15 (emphasis added)]  Solis-Caceres's admission in his plea agreement that he was engaged in drug trafficking activity "in international waters," meaning on the "high Seas," rather than within Costa Rica's territorial waters,[2] is binding upon him, and takes his conviction outside the scope of the Eleventh Circuit's holding in *Bellaizac-Hurtado*.

Unlike the Offense Clause at issue in that case, MDLEA's provision criminalizing drug trafficking on the high seas is predicating upon Congress's constitutional authorization under the Piracies and Felonies Clause ("[t]o define and punish Piracies and Felonies committed on the high Seas").  Prosecutions for such conduct have been repeatedly upheld as constitutionally permissible.  *United States v. Caicedo*, 47 F.3d 370, 372 (9th Cir. 1995) ("The First, Second, Fourth, Fifth and Eleventh Circuits agree that the United States may exercise jurisdiction consistent with international law over drug offenders apprehended aboard stateless vessels on the high seas without demonstrating any nexus to the United States."); *United States v. Nueci-Pena*, 711 F.3d 191, 198-99 (1st Cir. 2013) (*citing United States v. Estupinan*, 453 F.3d 1336, 1338-39 (11th Cir. 2006) (holding that Congress did not

---

[2] A nation's "territorial waters" extend no more than twelve (12) nautical miles from the baseline (or low water mark) of the nation's coastline pursuant to the 1982 United Nations Convention on the Law of the Sea. Solis-Caceres's arrest 95 nautical miles from Costa Rica is well beyond this outer boundary.

8

exceed its authority under the Piracies and Felonies Clause by enacting the MDLEA without requiring a jurisdictional nexus)).  Because Solis-Caceres was arrested for drug trafficking on a stateless vessel in international waters, *Bellaizac-Hurtado* has bearing upon his case, and his conviction under the MDLEA is consistent with constitutional principles.

Accordingly, **IT IS ORDERED** that:

1.      Robis Solis-Caceres's petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**.

2.      The Court will enter a separate judgment.

3.      This matter is **STRICKEN** from the docket.

This the 6th of August, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge